IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHANE PADDOCK, | CV 18-00054-H-DLC-JTJ |
| Plaintiffs, | |
| vs. | |
| M.S.P., MONTANA STATE, and MONTANA BOARD OF PARDONS AND PAROLE MEMBERS CARTER, CRUSE, and BELL, | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| Defendants. | |

Plaintiff Shane Paddock submitted a proposed Complaint along with another prisoner alleging Defendants improperly imposed additional sanctions beyond their existing criminal sentences by requiring them to attend groups that were not court ordered.  (Complaint, Doc. 1.)  By Order dated April 10, 2018, Plaintiffs claims were severed, they were required to individually pay the filing fee or submit a motion to proceed in forma pauperis, and were required to submit amended complaints.  (Doc. 2).  Mr. Paddock complied on May 9, 2018 by filing a motion to proceed in forma pauperis and an amended complaint.  (Docs. 4, 5.)

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Paddock's Motion to Proceed in Forma Pauperis and account statement

are sufficient to make the showing required by 28 U.S.C. §1915(a).  (Doc. 4.)  The request to proceed in forma pauperis will be granted.

Because he is incarcerated, Mr. Paddock must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  Mr. Paddock submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case.  *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Mr. Paddock will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Paddock must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*  By separate order, the Court will direct the facility where Mr. Paddock is held to forward payments from Mr. Paddock's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.    Parties

Mr. Paddock is a state prisoner proceeding without counsel.  He is currently

2

incarcerated at Montana State Prison.  He names the following Defendants:

Montana State Prison, the State of Montana, and the following members of the

Montana Board of Pardons and Parole: Carter, Cruse, and Bell.  (Amd. Complaint,

Doc. 5 at 3-5.)

### B.  Allegations

Mr. Paddock alleges that on March 27, 2018 Defendants denied his parole

and imposed non-court ordered programs onto his sentence.  He also alleges

Defendants denied his parole to go to his mother's funeral.  (Amd. Complaint,

Doc. 5 at 6.)[1]  For his relief he seeks $30,000 in punitive damages, $60,000 in

compensatory damages, and asks to have his parole reconsidered.  (Amd.

Complaint, Doc. 5 at 7, ¶ V.)

## III.  INITIAL SCREENING

### A.  Standard

Mr. Paddock is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections 1915A(b)

and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

---

[1]The State of Montana Board of Pardons and Parole Final Board Dispositions for March 2018 indicate that Mr. Paddock's parole was denied and he was directed to complete recommended treatment programs including sex offender program, chemical dependency counseling and cognitive based programming.  https://bopp.mt.gov/Portals/42/dispositions/.../03-2018FinalDispositions.pdf

and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint's allegations must cross "the line from conceivable to plausible."  *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled

to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief.  *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted).  If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."  *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94

5

(2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## B. Analysis

Defendants Carter, Cruse and Bell, as parole board officials are entitled to absolute quasi-judicial immunity "for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (*quoting Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981)).  Mr. Paddock's claims against these Defendants should be dismissed with prejudice.

Mr. Paddock's claims against Montana State Prison and the State of Montana are barred by the Eleventh Amendment.  The Eleventh Amendment bars suit in federal court against a state or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State.  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

The State of Montana has waived immunity only for tort claims brought in state court.  Mont. Code Ann. § 2-9-101 et seq.  Thus, the State of Montana and its agencies have Eleventh Amendment immunity from suit in federal court.  In

addition, states are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989). The State of Montana and Montana State Prison should also be dismissed with prejudice.

Based on the foregoing, the Court issues the following:

## ORDER

1.  Mr. Paddock's Motion to Proceed in Forma Pauperis (Doc. 4) is GRANTED.

2.  The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 1). The Complaint is deemed filed April 2, 2018.

3.  At all times during the pendency of this action, Mr. Paddock shall immediately advise the Court of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

7

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Paddock may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of May, 2018.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Paddock is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.